UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 9:26-cv-00939

**Jose Eduardo Gutierrez Tavera,**
*Petitioner,*

v.

**Warden, IAH Secure Adult Detention Facility et al.,**
*Respondents.*

# ORDER

Before the court is a petition for a writ of habeas corpus. Doc. 1. Petitioner is a Mexican national who entered the United States without inspection in April 2016. *Id.* at 6. Petitioner alleges that he was arrested without a warrant by a local law enforcement agency in Walker County. *Id.* at 2. The officer transported him directly to an immigration detention facility, where petitioner remains detained by the Department of Homeland Security. *Id.* Removal proceedings are ongoing, and petitioner is not under a final order of removal. *Id.* at 7. For the reasons below, the court denies the petition.[1]

Petitioner first challenges his detention on the grounds that he was arrested without a warrant. Doc. 1 at 10. But petitioner's argument fails because habeas is an inappropriate remedy for a warrantless arrest. *Atehortua Ortiz v. Warden, Eden Det. Ctr.*, 2026 WL 2295760, at *2 (N.D. Tex. July 20, 2026); *see also Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) (describing habeas as a limited writ meant "to secure release from unlawful detention").

[1] A district court "entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Having carefully reviewed the petition, the court determines that an answer from respondents is unnecessary. *See Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (per curiam).

To the extent petitioner argues that he is entitled to relief by statute, that argument is foreclosed by *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), which held that 8 U.S.C. § 1225(b)(2)(A) mandates the detention without bond of unadmitted aliens like petitioner for the duration of their removal proceedings. *Id.* at 508. Petitioner also argues that he is properly classified under § 1226(a) rather than § 1225(b)(2)(A). Doc. 1 at 3. But petitioner acknowledges that this argument is foreclosed by the Fifth Circuit's holding in *Buenrostro-Mendez* and pleads the argument merely to preserve it. *Id.*

Next, petitioner argues that his detention without an individualized custody determination violates his right to procedural due process under the Fifth Amendment. Doc. 1 at 12–15. But petitioner is an applicant for admission subject to mandatory detention under 8 U.S.C. § 1225(b)(2). *Buenrostro-Mendez*, 166 F.4th at 508. Thus, petitioner's Fifth Amendment due process argument is squarely foreclosed by recent Fifth Circuit precedent. *Rodriguez v. Vergara*, No. 26-50183, 2026 WL 3181188, at *14 (5th Cir. Oct. 23, 2026) (en banc) (holding that mandatory detention under § 1225(b)(2)(A) does not violate the detainee's Fifth Amendment right to due process). Accordingly, the writ is denied.

*So ordered by the court on November 9, 2026.*

J. CAMPBELL BARKER
United States District Judge